IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALLISON FINLAY,<br>　　*Plaintiff,* | §<br>§<br>§ | |
| VS | §<br>§<br>§ | CIVIL ACTION NO. 4:08-CV-00786 |
| WOLPOFF & ABRAMSON, L.L.P.<br>　　*Defendant.* | §<br>§ | |

## PLAINTIFF FINLAY'S MOTION FOR SUMMARY JUDGMENT

COMES NOW THE PLAINTIFF, ALLISON FINLAY, and through her undersigned counsel, moves for summary judgment against Defendant. In support thereof, Movant would show the following:

### INTRODUCTION

1. This is a civil action for damages under federal and state fair debt collection statutes premised on a debt collector's wrongful act of bringing a time-barred suit against a consumer in state court in furtherance of its objective to collect a consumer debt.

### ISSUES PRESENTED

2. Whether Defendant Violated the FDCPA.
3. Whether Defendant Violated the Texas Debt Collection Act.

## SUMMARY OF THE ARGUMENT

4. Defendant filed a time-barred suit in state court to confirm an arbitration award it had obtained on a credit card debt allegedly owed by Allison Finlay. The conduct violated federal and state fair debt collection statutes.

## STATEMENT OF FACTS

5. On April 24, 2007 Defendant herein, Wolpoff & Abramson ("Wolpoff") filed suit against Alison Finlay ("Finlay") in Fort Bend County Court No. 2, seeking to confirm an arbitration award dated February 1, 2006. (Exhs. P-1, P-2). The suit was assigned Cause no. 32778.

6. Finlay hired THE HESTON LAW FIRM to defend the action. On October 22, 2007, THE HESTON LAW FIRM filed an answer on behalf of Finlay in state court averring that the suit to confirm was time-barred under the FAA. (Exh. P-3).

7. Wolpoff non-suited the state court action on November 15, 2007. (Exh P-4). The court signed an order of dismissal on November 30, 2007. (Exh. P-5).

8. On March 12, 2008 Finlay filed the instant civil action in federal court. Wolpoff filed an answer on April 25, 2008.

9. On May 30, 2008 Finlay served discovery requests on Wolpoff, including Requests for Admissions, but they were never answered. (Ex. P-6, P-7)

10. Finlay now moves for summary judgment on her causes of action for unfair debt collection practices under federal and state law.

## EVIDENCE RELIED ON

11. In moving for summary judgment, Finlay relies on public records in the form of certified and/or sworn copies of papers filed in the state court proceeding about which she complains (Exhs. P-1 through P-5); on deeded admissions resulting from Defendant's failure to answer requests for admission in this action

(Exh. P-6, P-7); on an affidavit by her counsel, Daniel Ciment, (Exh. P-7), and on the live pleadings on file in this action.

## SUMMARY JUDGMENT STANDARD

12. Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, and other matters presented to the court show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Washington v. Armstrong World Indus., Inc.*, 839 F.2d 1121, 1122 (5th Cir.1988).

13. On a summary judgment motion the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Anderson*, 477 U.S. at 255. A factual dispute bars summary judgment when the disputed fact is determinative under governing law of the issue before the court. *Id.* at 250.

14. The movant bears the initial burden of articulating the basis for its motion and identifying evidence which shows that there is no genuine issue of material fact. *Celotex*, 477 U.S. at 322. The respondent may not rest on the mere allegations or denials in its pleadings but must set forth specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). If the nonmovant fails to do so, summary judgment should be granted in favor of the movant.

## ARGUMENT & AUTHORITIES

### A. The FDCPA Claim

#### a. Purpose of the Statute

15. The purposes of the Fair Debt Collection Practices Act ("FDCPA") are "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e); *Wade v. Regional Credit Ass'n*, 87 F.3d 1098, 1099 (9th Cir.1996).

16. The Fifth Circuit has stated that the FDCPA "is designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exists." *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir.1992). Any debt collector who fails to comply with the Act is liable to the affected person for actual damages sustained by such person as a result of the failure. 15 U.S.C. § 1692(k)(a)(1). If the court finds that a defendant has violated the FDCPA, the court may hold the defendant liable for additional monetary damages up to $1,000. 15 U.S.C. § 1692(k)(a)(2)(A).

#### b. The Elements of the Claim

17. In order to prevail on a FDCPA claim, the plaintiff must prove the following: (1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.

*Matter of Mayer*, 199 B.R. 616, 619 (E.D.La.1996); *Sibley v. Firstcollect, Inc.*, 913 F.Supp. 469, 471 (M.D.La.1995).

### c. Definitions: Consumer, Debt, and Debt Collector

18. A "consumer" is "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). "Debt" is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." *Id.* § 1692a(5). The term "debt collector" means "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be due another." *Id.* § 1692a(6).

### d. Defendant Is a Debt Collector

19. Wolpoff is a Debt Collector per its own self-description in the signature block on the Original Petition in FIA v. Finlay, to wit:

> WOLPOFF & ABRAMSON, L.L.P.
> Attorneys in the Practice of Debt Collection

*See* Exhibit P-1, p. 2.

20. The facts that Finlay is a consumer, and that the underlying debt is in the nature of a consumer debt, are not disputed and are also supported by the allegations in the Original Petition Wolpoff filed in the state court action. (Exh. P-1). The statements therein qualify as judicial admissions.

### e. Defendant Brought a Time-Barred Claim for Confirmation Under the FAA

21. Wolpoff brought suit to confirm an arbitration award on April 24, 2007, more than 12 months after the award subject of the attempted confirmation was rendered on February 1, 2006. *See* Exh. D-1, file-stamp on p.12; copy of arb award at p. 10. The suit to confirm was barred by the one-year limitations period set forth in Federal Arbitration Act, 9 U.S.C. § 9.

Section 9 of the Federal Arbitration Act provides as follows:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

22. The Fifth Circuit has stated that section 9 requires that a motion to confirm an arbitration award be filed within one year after the award is made. *See Bernstein Seawell & Kove v. Bosarge*, 813 F.2d 726, 731 (1987) (stating that "[t]he complaint to enforce the arbitration award was filed within one year as required by 9 U.S.C. § 9."); *see also SmartPrice.com, Inc. v. Long Distance Services, Inc.*, No. SA-07-CV-087-XR, 2007 WL 1341412, at *4 (W.D.Tex. May 4, 2007) ("The Application was timely filed in this Court within one year after the Award was made.").

### f. Wolpoff's Claim Was Time-Barred Under State Law Too

23. A suit to confirm the arbitration award on the underlying MBNA debt after one year would likewise have been time-barred under the Delaware

Uniform Arbitration Act, DEL. CODE ANN. TIT. 10, § 5713 (2008).[1] The Delaware Uniform Arbitration Act imposes a one-year statute of limitations on suits to confirm an arbitration award. *Geis v. Tech Intern., Inc.*, No. C.A. 14983-NC, 1998 WL 409148, at *2 (Del.Ch. June 17, 1998). The statute is now the exclusive remedy to confirm an arbitration award under Delaware law. *See Capron v. Buccini*, No. CIV.A. 99A-12-018 WCC, 2001 WL 237929, at *2-3 (Del.Super.Ct. Feb.28, 2001), *aff'd*, No. 114,2001, 2001 WL 874764 (Del. July 25, 2001). Therefore, a suit to confirm an arbitration award cannot be brought after one year.

### g. The Summary Judgment Evidence Is Conclusive.

24. Wolpoff filed the time-barred suit to confirm arbitration award and caused citation to be served on Plaintiff (Exh. P-1: Original Petition, and P-2: Executed Citation). The fact that it was time-barred is evident on the face of the record (see file-stamp of Petition, at page 12, and date on arbitration award attached to the Petition, at page 10). This action made it necessary for Plaintiff to retain the services of counsel, (Exh. P-3: Defendant's Original Answer, filed by The Heston Law Firm).

25. After Finlay's counsel had filed an answer asserting that the suit was time-barred, Defendant non-suited the action (Exh. P-4: Notice of Nonsuit). The state court signed the Order of Nonsuit on Nov. 30, 2007. (Exh. P-5: Order). Plaintiff incurred $7,849.44 in attorney's fees in defense of the time-barred state court action. (Exh P-7: Affidavit of Daniel Ciment).

---

[1] Wolpoff sued to collect a debt allegedly incurred with MBNA. It attached a document titled "Credit Card Agreement. Additional Terms and Conditions" to its state court petition, which would presumably have shown that Delaware law controls, but page 9, which according to the table of contents contained the choice of law and arbitration provisions, is missing from the court record.

26. Additional and/or alternative proof to establish Plaintiff's cause of action against Defendant is provided by Defendant's deemed admissions. *See* Exhs. P-6 and P-7. Federal Rule of Civil Procedure 36(a) "allows litigants to request admissions as to a broad range of matter, including ultimate facts, as well as applications of law to fact." *In Re Carner*, 258 F.3d 415 ( 5th Cir. 2001). Unanswered requests for admission may be a basis for granting summary judgment Fed. R. Civ. P. 56(c). In Deemed Admission 9, Defendant admits that it violated the Fair Debt Collection Practices Act.

### h. Filing of a Time-Barred Claim is Actionable Under the FDCPA

27. Defendant's filing of a state court action on an arbitration award/debt that was barred by the applicable statute of limitations is an unlawful action that violates § 1692e of the FDCPA because it involves a misrepresentation of the legal character of the alleged debt. The summary judgment record before the court conclusively establishes Defendant's violations of § 1692e of the FDCPA and renders it liable for damages, costs, and reasonable attorneys' fees. (See, 15 U.S.C. § 1692k).

28. Because there are no fact issues as to Defendant's liability under the Act, summary judgment should be granted in favor of Finlay.

### B. The State Law Claim

#### a. The Texas Debt Collection Act

29. Under the Texas Debt Collection Act ("TDCA"), "[e]xcept as otherwise provided by this section, in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices: ... (8) misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the

consumer debt's status in a judicial or governmental proceeding; ... (19) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer." Tex. Fin.Code. Ann. § 392.304(a) (2007).

30. Under the Act, an aggrieved party may sue for injunctive relief or actual damages sustained as a result of a violation of the TDCA. Tex. Fin.Code. Ann. § 392.401, 403 (2007).

31. Here, Plaintiff seeks actual damages in the form of attorney's fees incurred in defending the time-barred suit in state court and securing its dismissal, and additional attorney's fees as costs in this civil action.

### b. The Act Applies to the Case at Bar

32. The Texas Debt Collection Act ("TDCA") defines a "consumer" as "an individual who has a consumer debt." Tex.Fin.Code § 392.001(1). "Consumer debt" is defined as "an obligation, or an alleged obligation, primarily for personal, family, or household purposes and arising from a transaction or alleged transaction." Tex. Fin.Code § 392.001(2). The statute defines a "debt collector" as "a person who directly or indirectly engages in debt collection and includes a person who sells or offers to sell forms represented to be a collection system, device, or scheme intended to be used to collect consumer debts." Tex. Fin.Code § 392.001(6).

33. Again, there is no room for dispute that the parties satisfy the statutory definitions in this case, and that the Act thus applies to the conduct of the Defendant. The summary judgment evidence offered to establish Defendant's liability under federal law, and Defendant's deemed admissions, also support Defendant's liability and Plaintiff's recovery under Texas law.

### c. Defendant Violated the TDCA by Bringing a Time-Barred Suit

34. Wolpoff filed suit to confirm the arbitration award after more than 12 months had elapsed after the entry of the award, and in doing so violated the TCDA. The filing of such a time-barred suit constituted a false and misleading representation regarding the legal status of the arbitration award and of the underlying debt, in violation of § 392.304(a)(8), and the use of false representations or deceptive means to collect a consumer debt, in violation of § 392.304(a)(19). In Deemed Admission No. 10, Defendant admits that it violated the Texas Debt Collection Practices Act. *See* Exhs. P-6 and P-7.

35. Moreover, the fact that more than 12-months had elapsed was readily apparent on the face of the arbitration award, which displays the date the award was entered. *See* Exh P-1, p. 10. The award date can easily be verified with a minimum amount of effort and thus makes any claim of an excusable or innocent mistake unbelievable.[2]

36. Nor is this the first time the same defendant has been sued based on the same type of conduct, a fact of which the Court may take judicial notice based on the court records of the Southern District. *See Ruybalid v. Wolpoff & Abramson, LLP*, No. 4:08-cv-02147, filed 7/8/2008; *Laney v. Wolpoff & Abramson LLP*, No. 4:08-cv-00764, filed 3/9/2008; *Nicks et al v. Wolpoff & Abramson, LLP*, No. 4:07-cv-03754, filed 11/6/2007.

---

[2] Additionally, by way of Deemed Admission No. 11, Defendant has admitted that it has no valid defense to this lawsuit. By way of Deemed Admission No. 12, Defendant admits that it "does not have a system in place to prevent events made the basis of [this] law suit from taking place." *See* Exhs. P-6, p. 7, and P-7. Statutory affirmative defenses that might otherwise be available are thus precluded.

37. The statute of limitations applicable to a claim is one of the most important considerations in the initial stage of the representation of a client and the decision to file (or not file) suit, and attorneys risk malpractice and disciplinary action if they ignore it. Any law firm ignores the statute of limitations at its peril.

38. Further, Wolpoff has a vested interest in knowingly (or negligently) bringing time-barred suits against unsophisticated consumers in cases where the filing deadline has been missed, and in deceiving them into believing that the claim is legitimate and legally viable. Unsophisticated consumers may simply not be aware of the applicable statute of limitations, or may not know what needs to be done procedurally to secure dismissal of a time-barred suit. *See Unifund CCR Partners v. Weaver*, No. 07-0682, 51 Tex. Sup. Ct. J. 1375 (Tex. Aug. 29, 2008)(per curiam) (consumer asserted limitations in his discovery responses and waived the defense by failing to properly plead it).

39. Because limitations is an affirmative defense that must be pleaded and proven, Wolpoff might have gotten away with bringing a time-barred claim, and may still be getting away with such conduct in cases where consumers are unrepresented. Therefore, in addition to compensating Finlay for the legal expense incurred in defense of a baseless state court suit, the damages and attorneys fees sought against Wolpoff should also serve to provide a deterrent for such conduct in the future in other cases, rather than merely being seen by the Defendant as a cost of doing business, -- a cost incurred only in the small percentage of cases in which the consumer fights back to vindicate federal and state consumer protection laws.

## CONCLUSION & PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Allison Finlay, respectfully requests that the Court grant the following relief to Plaintiff:

- a. Summary judgment in favor of Plaintiff;
- b. $1,000 statutory penalty under the FDCPA;
- c. Actual damages of $7,849.44;
- d. $7,500 in legal fees for this case;
- e. Punitive damages in the amount of $25,000;
- f. Costs of court; and
- g. Such other and further relief to which Plaintiff may be entitled.

Respectfully Submitted,

THE HESTON LAW FIRM, P.C.
James Heston
SBN: 00787689
Daniel Ciment
SNB: 24042581
2909 Hillcroft Ave., Suite 410
Houston, TX  77057
(713) 270-4833 (phone)
(713) 583-9296 (fax)
*ATTORNEY FOR PLAINTIFF*
*ALLISON FINLAY*

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing Plaintiff's Motion for Summary Judgment and of the exhibits pertaining thereto, are being / were served on Defendant, through its attorney of record as shown below, by facsimile transmission and/or by certified mail, return receipt requested, on this the 12 day of February, 2009.

William Keith Wier
Barron Newburger et al
5718 Westheimer Rd., Ste 1755
Houston, TX 77057
Tel: 713-335-0141
Fax: 713-335-0150
ATTORNEY FOR DEFENDANT
WOLFPOFF & ABRAMSON, L.L.P.

CMRRR: 7007 1490 0004 4628 2761

Daniel Ciment
ATTORNEY FOR PLAINTIFF
ALLISON FINLAY