```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF TEXAS
                 HOUSTON DIVISION
```

ALISON FINLAY,                  §
                                §
        Plaintiff,               §
                                §
v.                              §     CIVIL ACTION NO. H-08-0786
                                §
WOLPOFF & ABRAMSON,             §
                                §
        Defendant.              §

**<u>MEMORANDUM OPINION</u>**

Pending before the court[1] are Defendant's Motion to Withdraw Admissions (Docket Entry No. 12) and Defendant's Motion to Enlarge Time to File Dispositive Motion (Docket Entry No. 13). The court has considered the motions, all relevant filings, and the applicable law. For the reasons set forth below, the court **DENIES** both motions.

### I. Case Background

Plaintiff brought this suit on March 12, 2008, against a debt collector, alleging violations of state and federal statutes. Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act[2] ("FDCPA"), the Texas Debt Collection Act[3] ("TDCA"),

---

[1] The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. Docket Entry No. 8.

[2] 15 U.S.C. §§ 1692-1692o.

[3] Tex. Fin. Code §§ 392.001-392.404.

and the Texas Deceptive Trade Practices Act[4] by bringing a time-barred suit against Plaintiff to confirm an arbitration award.

On May 20, 2008, the parties' counsel conferred regarding a discovery plan.[5]  At that time, Plaintiff's counsel announced the intention to serve Defendant with interrogatories, requests for admission, requests for production by May 23, 2008.[6]  Plaintiff actually served her discovery requests on May 30, 2008.[7]  A scheduling order of the same date established the discovery deadline as January 30, 2009, and the dispositive motion deadline as February 13, 2009.[8]

Defendant failed to respond to any of the discovery requests. On August 11, 2008, Plaintiff's counsel sent Defendant's attorney an e-mail inquiring about the unanswered discovery.[9]  Plaintiff filed a motion for summary judgment on February 12, 2009, relying, in part, on admissions deemed conclusively established under the

---

[4]   Tex. Bus. & Comm. Code §§ 17.41-17.63.

[5]   See Joint Discovery Management Plan, Docket Entry No. 5.

[6]   See id. at pp. 2, 3.

[7]   Plaintiff's Response to Defendant's Motion to Withdraw Deemed Admissions and Defendant's Motion to Enlarge Time to File Cross-Motion for Summary Judgment, Docket Entry No. 14, Ex. B, Plaintiff's discovery requests, p. 10 (unnumbered) and Fax Call Report.

[8]   See Scheduling Order, Docket Entry No. 7.

[9]   See Plaintiff's Response to Defendant's Motion to Withdraw Deemed Admissions and Defendant's Motion to Enlarge Time to File Cross-Motion for Summary Judgment, Docket Entry No. 14, Ex. A, e-mail from Daniel Ciment to Keith Wier dated Aug. 11, 2008.  This e-mail is not authenticated by affidavit. Plaintiff also represents that her counsel phoned Defendant twice regarding the past-due responses to discovery.  The record contains no evidence of the phone calls.

Federal Rules of Civil Procedure.[10] Concurrent with its response, Defendant filed pending motions to withdraw deemed admissions to extend the dispositive motion deadline. The court addresses only Defendant's motions at this time and saves Plaintiff's dispositive motion for a separate memorandum order.

## I. Motion to Withdraw Admissions

Under the federal rules, a party may propound written requests to admit the truth of matters related to "facts, the application of law to fact, or opinions about either" and the authenticity of documents. Fed. R. Civ. P. 36(a); see also In re Carney, 258 F.3d 415, 419 (5th Cir. 2001)(stating that the breadth of the rule allows litigants to narrow the issues down to disputed matters for trial). "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter." Fed. R. Civ. P. 36(a); see also In re Carney, 258 F.3d at 419.

When matters are deemed admitted due to an untimely response, those matters are "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). The court has discretion to allow withdrawal or amendment of admissions if, to do so, "would promote the presentation of the merits of the action[;]" without prejudicing the party who obtained the admission in presenting its case. Fed.

---

[10] See Plaintiff's Motion for Summary Judgment, Docket Entry No. 10.

R. Civ. P. 36(b). The court has discretion to deny a request to withdraw admissions even if both of these factors are met. In re Carney, 258 F.3d at 419.

According to the record before the court, Defendant still has not responded to Plaintiff's discovery requests.[11] Plaintiff sent the requests at the end of May 2008 and, according to Plaintiff, reminded Defendant about them at least once, in mid-August 2008. Faced with an expiring dispositive motion deadline, Plaintiff filed a motion for summary judgment without the benefit of any discovery from Defendant. Plaintiff relied on several deemed admissions as additional evidence in support of her motion.[12] The admissions cited state that Defendant violated the FDCPA and the TDCA, has no valid defense to the lawsuit, and has no system in place to prevent events such as those on which this lawsuit is based.[13] Twenty days later, Defendant filed its motion to withdraw the admissions on which Plaintiff partially relied.

Defendant explains that its attorneys misfiled the discovery requests and further states:

---

[11] See Plaintiff's Response to Defendant's Motion to Withdraw Deemed Admissions and Defendant's Motion to Enlarge Time to File Cross-Motion for Summary Judgment, Docket Entry No. 14, p. 2 (intimating that Defendant (as of March 24, 2009) still had not responded to Plaintiff's discovery requests).

[12] See Plaintiff's Motion for Summary Judgment, Docket Entry No. 10, pp. 8, 10 and n.2.

[13] See id. at Ex. P-6, discovery requests, Requests for Admission ## 9, 10, 12, 13.

> As a result, the response date was never calendared and the discovery requests were never forwarded to the client, Wolpoff & Abramson.  Finlay's attorney of record never raised the issue of discovery or deemed admissions until he filed and served Plaintiff Finlay's Motion for Summary Judgment on or about February 12, 2009.[14]

Defendant argues that Plaintiff will not be prejudiced by the withdrawal because "neither party has taken any action in this case during the time period between the service of the discovery requests and the filing of competing motions for summary judgment."[15]  Defendant also contends that the admissions are "vague and ambiguous" and do not raise a fact issue.[16]

The court finds Defendant's excuse for not responding wholly inadequate to explain why Defendant let the case sit unattended for nine months.  Even the slightest amount of attention to the case or a single phone call to Plaintiff's counsel would have alerted Defendant to Plaintiff's discovery requests.  Certainly, if Plaintiff's counsel offered reminders as claimed, Defendant has no excuse for failing to respond before nine months elapsed.  More striking, though, is that Defendant requested that the court allow it to withdraw the deemed admissions without even making the effort to respond to the discovery requests.  Twenty days transpired

---

[14] Defendant's Motion to Withdraw Admissions, Docket Entry No. 12, p. 2.  Defendant's representation that Plaintiff's counsel never raised the issue is not supported by any evidence in the record.

[15] Id. at p. 3.

[16] Id. at p. 2.  The court will address the effect of the admissions in its memorandum on Plaintiff's motion for summary judgment.

between when Defendant claims to have become aware of the discovery requests (upon service of Plaintiff's summary judgment motion) and when Defendant filed its own motions. The court finds no reason that answers to the requests could not have been provided within that time period.

In consideration of the two factors that guide the court's decision, the court finds that the presentation of the merits of the action may be better served by allowing Defendant to withdraw its deemed admissions. In the first place, a couple of the deemed admissions on which Plaintiff relied in her summary judgment motion tend more toward pure issues of law than the application of law to facts. In the second place, Defendant's inattention obviously has interfered with its opportunity to defend the case. These both suggest that withdrawal would promote the presentation of the merits of the case.

However, that fact is overshadowed in this case by the prejudice redounding to Plaintiff should the court grant Defendant's motion. Plaintiff has complied with the court's scheduling order despite Defendant's failure to cooperate in discovery. The time and expense required to propound written discovery, to follow up with Defendant, to prepare a summary judgment motion, and to respond to Defendant's motion to withdraw deemed admissions are notable. Plaintiff is entitled to rely on the rules of procedure, and the court has discretion to require

compliance with discovery orders so that it can manage its docket efficiently.

Defendant's motion to withdraw deemed admissions is **DENIED**.

## II.  Motion to Enlarge Time

Federal Rule of Civil Procedure 16 very succinctly explains conditions for the modification of a scheduling order: "only for good cause and with the judge's consent."  A party seeking an extension of time must show that the deadline could not be met despite its diligence.  See Fahim v. Marriott Hotel Servs., Inc., 551 F.3d 344, 348 (5th Cir. 2008).  The court is to consider four factors when deciding whether the movant has demonstrated good cause:[17] 1) the movant's explanation for failing to comply with the scheduling order; 2) the importance of the requested relief; 3) the prejudice to the other party in allowing an extension; and 4) the availability of a continuance to cure any resulting prejudice.  Id.

The court finds absolutely no reason to allow an extension of time for Defendant to file a summary judgment motion.  The only reason Defendant offers for not timely filing its motion for summary judgment is "a calendaring omission."[18]  That excuse sounds

---

[17]  Defendant cites factors that the United States Supreme Court utilized in determining what sorts of neglect were excusable under Federal Rules of Bankruptcy 9006(b)(1) standard for permitting the enlargement of time prescribed in other bankruptcy rules.  See Defendant's Motion to Enlarge Time to File Dispositive Motion, Docket Entry No. 13, pp. 1-2 (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 395 (1993)).  For many obvious reasons, that case has no application here.

[18]  Defendant's Motion to Enlarge Time to File Dispositive Motion, Docket Entry No. 13, p. 2.

7

very much like the one given for not responding to Plaintiff's discovery requests, and it is far too weak to convince the court that an extension is warranted.  All docket information for this case is fully available to Defendant online.  Had Defendant put forth two minutes of effort on this case since the end of May 2008, it easily could have found the filing deadline for dispositive motions.

Dispositive motions are an important tool in pretrial litigation that can help achieve fair, fast, and inexpensive resolutions in cases.  However, it is not significantly important that Defendant file a motion for summary judgment in this case as any matter it could raise in a dispositive matter can be raised at trial.

The court finds that the prejudice to Plaintiff is too great.  In addition to the prejudice discussed above with regard to the deemed admissions, the court notes that Defendant did not request an extension of time to file its motion until nearly a month after the deadline had passed.  As Defendant has not cooperated in discovery, it likely would be relying on evidence never seen by Plaintiff.  On some level, a continuance would improve the situation, but that is, in effect, precisely what Defendant is requesting -- more time.  Thus, the court does not find that the availability of a continuance is a factor relevant to showing good cause in this case.

Defendant's motion for an extension of time to file a dispositive motion is **DENIED**.

**SIGNED** in Houston, Texas, this 31st day of March, 2009.

Nancy K. Johnson
United States Magistrate Judge