IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ALISON FINLAY,                    §
                                  §
          Plaintiff,              §
                                  §
v.                                §        CIVIL ACTION NO. H-08-0786
                                  §
WOLPOFF & ABRAMSON,               §
                                  §
          Defendant.              §

<u>**MEMORANDUM OPINION**</u>

Pending before the court[1] are Plaintiff's Motion for Summary Judgment (Docket Entry No. 10) and Plaintiff's Motion to Strike Defendant's Summary Judgment Evidence (Docket Entry No. 14).  The court has considered the motions, all relevant filings, and the applicable law.  For the reasons set forth below, the court **GRANTS** Plaintiff's summary judgment motion.  In reaching this conclusion, the court did not rely on Defendant's evidence and, thus, **DENIES AS MOOT** Plaintiff's motion to strike.

## I.  Case Background

Plaintiff brought this suit against a debt collector, alleging violations of state and federal statutes.  Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act[2] ("FDCPA"), the Texas Debt Collection Act[3] ("TDCA"), and the Texas

---

[1]      The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  Docket Entry No. 8.

[2]      15 U.S.C. §§ 1692-1692o.

[3]      Tex. Fin. Code §§ 392.001-392.404.

Deceptive Trade Practices Act[4] ("TDTPA") in attempting to collect a consumer debt from Plaintiff by filing a time-barred suit.

Defendant filed the state suit against Plaintiff on April 24, 2007, to confirm an arbitration award issued on February 1, 2006.[5] Plaintiff answered the lawsuit, asserting that the action was barred by limitations.[6]  On November 15, 2007, Defendant filed a notice of non-suit, and, shortly thereafter, the court entered an order of non-suit without prejudice.[7]

On March 12, 2008, Plaintiff filed this action.  Plaintiff propounded discovery requests to Defendant on May 30, 2008. Defendant has not answered any of the requests.  The discovery period ended on January 30, 2009.  Plaintiff filed a motion for summary judgment on February 12, 2009, relying, in part, on admissions deemed conclusively established under the Federal Rules of Civil Procedure.

## II.  Summary Judgment Standard

Summary judgment is warranted when the evidence reveals that no genuine dispute exists regarding any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986);

---

[4]     Tex. Bus. & Comm. Code §§ 17.41-17.63.

[5]     <u>See</u> Plaintiff's Motion for Summary Judgment, Docket Entry No. 10, Ex. P-1, original petition in state-court action; Ex. P-2, return of service.

[6]     <u>See</u> <u>id.</u> at Ex. P-3, original answer in state-court action.

[7]     <u>See</u> <u>id.</u> at Ex. P-4, notice of non-suit; Ex. P-5, order of non-suit.

2

<u>Brown v. City of Houston, Tex.</u>, 337 F.3d 539, 540-41 (5th Cir. 2003).   The movant must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues. <u>Celotex Corp.</u>, 477 U.S. at 323; <u>Topalian v. Ehrman</u>, 954 F.2d 1125, 1131 (5th Cir. 1992).   Admissions on file provide proper grounds for summary judgment.   Fed. R. Civ. P. 56;[8] <u>In re Carney</u>, 258 F.3d 415, 420 (5th Cir. 2001).

### III.   Analysis

Plaintiff seeks summary judgment in her favor on the FDCPA and the TDCA claims based on the assertion that, by bringing a time-barred lawsuit against her as a means of collecting a debt, Defendant violated the FDCPA and the TDCA.   Plaintiff offers evidence, legal arguments, and deemed admissions in support of her motion.   Defendant argues in response that "[t]he filing of a time-barred suit to confirm an arbitration award is not actionable under the FDCPA, TDCA or DTPA when, as here, the award recipient has a reasonable belief that the language of the applicable one-year

---

[8]   Prior to the 2007 amendments, Rule 56(c) actually listed "admissions on file" amid types of discovery that the court should review in determining whether a genuine issue of fact existed.   Now, the rule refers more generally to discovery materials.   The Advisory Committee Notes reflect that the changes were not intended to be substantive, but were to be stylistic only.   Therefore, the court attributes no change in meaning to the removal of specific reference to admissions.

limitations period is permissive."[9]  Defendant discounts the effect
and relevance of the deemed admissions.  Finding that the deemed
admissions alone justify summary judgment, the court does not
address the majority of Plaintiff's arguments.

By failing to respond to Plaintiff's requests for information,
Defendant is deemed to have admitted, inter alia, that it violated
the FDCPA, TDCA, and the TDTPA and that it has no valid defense to
the lawsuit.[10]  Without a doubt, these admissions are legal in
character.  Rule 36 states that parties may request admissions
regarding factual matters and matters involving the application of
law to facts, but not purely legal matters.  See also In re Carney,
258 F.3d at 419.  Had Defendant answered the requests, it could
have objected to those requests on that basis.

However, when matters are deemed admitted due to an untimely
response, those matters are "conclusively established unless the
court, on motion, permits the admission to be withdrawn or
amended."  Fed. R. Civ. P. 36(b).  The Fifth Circuit values a
litigant's right to depend on matters admitted without the concern
that they are subject to change later, and, thus, the court "has
stressed that a deemed admission can only be withdrawn or amended

---

[9]    Defendant's Response to Plaintiff's Motion for Summary Judgment,
Docket Entry No. 11, p.

[10]    See Plaintiff's Motion for Summary Judgment, Docket Entry No. 10, Ex.
P-6, Requests for Admission, Nos. 9-12.  Defendant also admitted that it filed
the state-court lawsuit after the expiration of the applicable statute of
limitations.  See id. at No. 8.

by motion in accordance with Rule 36(b)." In re Carney, 258 F.3d at 419. Upon Defendant's motion, the court previously considered whether to allow it to withdraw its deemed admissions based on the Rule 36(b) standard, but found that, in light of Defendant's lack of diligence and the expiration of scheduling deadlines, Plaintiff would be greatly prejudiced if the court allowed withdrawal of the admissions.

Unfortunately for Defendant, its failure to respond to Plaintiff's requests for admissions has left it in an indefensible position. See id. at 418 (affirming the grant of summary judgment based on deemed admission of the accuracy of an Internal Revenue Service proof of claim); but see AMS Staff Leasing, NA, Ltd. v. Associated Contract Truckmen, Inc., No. Civ.A. 304CV1344D, 2005 WL 3148284, at *6 (N.D. Tex. Nov. 21, 2005)(unpublished)(denying summary judgment request based on deemed admissions that the defendants breached the terms of agreements and committed fraud). The court recognizes the danger that parties may intentionally propound improper requests for admission of legal conclusions in hopes that opponents will neglect to respond, but such tactics can be addressed under the rules upon objection or motion of an opponent. As observed by the Fifth Circuit, summary judgment based on deemed admissions is potentially a harsh result because it deprives a party of the opportunity to contest the merits of a case. In re Carney, 258 F.3d at 421. "This result, however, is

necessary to insure the orderly disposition of cases; parties to a lawsuit must comply with the rules of procedure." Id.

### IV.  Conclusion

Plaintiff's motion for summary judgment is **GRANTED**.  Although Plaintiff did not move specifically for summary judgment on her TDTPA claim, the court finds that it, too, is resolved by Defendant's deemed admission of violation.[11]  Plaintiff's motion to strike is **DENIED AS MOOT.**

The amount of damages was not an issue covered by the deemed admissions.  In her motion, Plaintiff requested $1,000 in statutory penalties under the FDCPA, $7,849.44 in actual damages, $7,500 in attorney's fees for this action, and $25,000 in punitive damages. However, her motion and attached exhibits provide little legal and factual support for all of the damages requested.  Therefore, the parties are **ORDERED** to appear in Courtroom 700 on Monday, April 27, 2009, at 10:00 a.m. for a hearing on damages.  Both parties should be prepared to present legal arguments and admissible evidence.

**SIGNED** in Houston, Texas, this 3rd day of April, 2009.

_____
Nancy K. Johnson
United States Magistrate Judge

---

[11]     Although Plaintiff did not discuss its TDTPA claim in its motion, Defendant did present arguments against granting summary judgment on that claim.

6